IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WILLIAM F. CARADINE/ASSABUR     PLAINTIFF
ADC #90785

V.     NO. 4:11CV00027 JLH

ST. VINCENT HOSPITAL     DEFENDANT

**ORDER**

Plaintiff William F. Carradine/Assabur, currently incarcerated at the Arkansas Department of Correction's Varner Super Max Unit, filed a *pro se* complaint (docket entry #1), on January 12, 2011. As explained in his brief in support (docket entry #4), Plaintiff is bringing a civil rights claim pursuant to 42 U.S.C. § 1983, as well as a state wrongful death action pursuant to Ark. Code Ann. § 16-62-102. As a Defendant, Plaintiff has named only St. Vincent Hospital, though in a notice (docket entry #5), Plaintiff suggests that he may be pursuing a claim against the CEO/owner of the hospital, Peter Benko.

**I. SCREENING**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  ANALYSIS

According to Plaintiff's complaint, his grandmother was taken to St. Vincent Hospital on October 3, 2010, where she received poor care from the physicians in the emergency room.  Plaintiff asserts that the physicians are the cause of his grandmother's death.

Even if St. Vincent Hospital, or its CEO/owner, could be held liable for treatment decisions of the physicians in the emergency room, Plaintiff's complaint must nevertheless be dismissed.  It is apparent from Plaintiff's complaint that St. Vincent Hospital is a private hospital and not a state agency.  Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress. . .

42 U.S.C. § 1983.

Because Plaintiff alleged no facts to suggest that either St. Vincent Hospital, its CEO/owner, or the physicians practicing there, were state actors, Plaintiff has failed to state a claim for a civil rights violation.  *See Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th Cir. 1996)(discussing requirement

that conduct at issue in a section 1983 case must have been committed by person acting under color of state law).[1]

With respect to Plaintiff's state law claim, the Court notes that Plaintiff has alleged no facts to give this Court jurisdiction. Plaintiff's state claim does not arise under federal law, and he does not allege that he is a citizen of a state other than Arkansas, so the Court lacks diversity jurisdiction under 28 U.S.C. § 1332. Accordingly, Plaintiff's state law claim should be dismissed without prejudice.

### III. CONCLUSION

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's complaint is DISMISSED for failure to state a claim upon which relief may be granted.

2. Plaintiff's Section 1983 claim is DISMISSED WITH PREJUDICE.

3. Plaintiff's state law wrongful death claim filed pursuant to Ark. Code Ann. § 16-62-102 is DISMISSED WITHOUT PREJUDICE.

4 This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

5. The Court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

---

[1] Even if St. Vincent Hospital were acting under color of state law, Plaintiff alleged no facts to establish any unconstitutional policy or practice of the hospital itself, or its CEO/owner, but only complained of the actions of the physicians there. *Respondeat superior* is not a basis of liability for § 1983 claims, *see Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997)(no *respondeat superior* liability for § 1983 violations), and a corporation acting under color of state law will be held liable only for its own unconstitutional practices. *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993); *citing Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978).

DATED this 7th day of February, 2011.

                                                        UNITED STATES DISTRICT JUDGE